UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L.F.J., | No. 1:26-cv-02528-DAD-AC |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING PETITIONER'S MOTION TO PROCEED UNDER A PSEUDONYM; AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |
| | (Doc. Nos. 1, 3, 7) |

On April 2, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed under a pseudonym. (Doc. No. 3.) On April 3, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 7.) In support of his petition for writ of habeas corpus petitioner presents evidence that he has lived in Brooklyn, New York continuously since 1997 and he was detained by ICE on January 16, 2026. (Doc. No. 1-1 at ¶¶ 8, 13–14.)

On April 6, 2026, the court set a briefing schedule on petitioner's motion to proceed under a pseudonym and motion for temporary restraining order and directed respondents to

1

substantively address whether any provision of law or fact in this case would distinguish it from the situations addressed in this court's decisions in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026), and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP (HC), 2026 WL 788129 (E.D. Cal. Mar. 20, 2026), and other similar cases previously decided by this court. (Doc. No. 12.)

On April 7, 2026, respondents filed a combined opposition to petitioner's motion for temporary restraining. (Doc. No. 13.) Therein, respondents state that they do not oppose petitioner's motion to proceed under a pseudonym.[1] (*Id.* at 1.) Respondents further state that they do not oppose the court converting the motion for temporary restraining order into a motion for preliminary injunction and that if the court is inclined to grant a preliminary injunction, judicial economy supports the court ruling on the merits of the habeas petition based upon the present record. (*Id.*) Respondents do not request a hearing nor do they intend to file any additional affirmative briefing. (*Id.*) Respondents concede that "[p]ursuant to the Court's Minute Order of April 6, 2026, Respondents submit there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order." (*Id.*)

Pursuant to the reasoning as stated in *Quichimbo-Jimenez*, *Cardenas*, and *J.P.C.* and adopted here, the court will grant the petition for writ of habeas corpus.

/////

/////

---

[1] Petitioner argues that disclosure of his identity and immigration status could result in retaliation against him and disclosure of his medical conditions warrants anonymity. (Doc. No. 3-1 at 5.) The court will grant petitioner's motion to proceed pseudonymously in light of these interests. *See Doe #1 v. Trump*, 785 F. Supp. 3d 575, 582–83 (D. Ariz. 2025) (allowing the petitioner to proceed pseudonymously to protect her reputation and due to the "environment of threats and fear of extreme and harsh treatment of immigrants and noncitizens [that] encourages private individuals to take action against those individuals in a manner they believe is desired by the government[]"); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140, at *1–2 (E.D. Cal. Dec. 22, 2025) (allowing the petitioner to proceed pseudonymously in order to preserve his family's medical privacy).

2

For the reasons above:

1.   Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.   Respondents are ORDERED to immediately release petitioner[2] from respondents' custody;

    b.   Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

    c.   Petitioner's request for attorney's fees is DENIED without prejudice to bringing a properly noticed and supported motion;

2.   Petitioner's motion to proceed pseudonymously (Doc. No. 3) is hereby GRANTED;

3.   Petitioner's motion for a temporary restraining order (Doc. No. 7) is hereby DENIED as having been rendered moot in light of this order granting habeas relief;

4.   The Clerk of the Court is directed to serve this order on the California City Detention Facility; and

5.   The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 8, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2]  Because of redaction of identifying information in petitioner's filings, the court is unaware of petitioner's A#.

3